ALBANY,<br>Feb. 1825.<br><br>Hepburn<br>v.<br>Hoag.

Rule accordingly.

---

### HEPBURN *against* HOAG & HEPBURN.

DEBT on bond in the penalty of $2000, conditioned to pay money and also to support the plaintiff, his mother and sister, alleging a breach in the latter particular. Plea, *non est factum*, with notice of set-off. On the trial, at the Columbia circuit, the plaintiff relied solely on the breach in not maintaining the plaintiff, which, up to the time of the suit brought, was proved to be $10. The defendants then, under a notice of set-off, proposed to prove demands against the plaintiff; but the Judge refused to permit this, thinking the nature of the plaintiff's demand precluded it; but he afterwards allowed the defendants to establish their demand with a view to have the question settled by this Court, and directed the jury to find for the plaintiff $10, and also to certify what they found due to the defendants, which they did at $500. The cause was tried September 30th, 1824. At the next term, the plaintiff perfected his judgment, as upon a verdict for himself.

*E. Williams*, now moved to set off the plaintiff's damages and costs against the $500, certified for the defendants.

*C. Bushnell*, contra, objected that the verdict being for the plaintiff, the certificate of the jury was a nullity. It is

Whether a set-off be admissible in an action on a bond for performance of covenants? Quære.<br><br>Where in debt on a bond for performance of covenants, the jury were directed by the judge to find for the plaintiff, and to certify at the same time the sum due from him to the defendants; *held*, that the certificate was a nullity; and that the plaintiff might take judgment.<br><br>The statute, (1 R. L. 315,) authorizes a certificate of a balance in favor of the defendant only where the verdict is for him;

and if by mistake of the judge the verdict be for the plaintiff; and the jury certify a balance for the defendant, the proper mode of correcting this is on a case.

The practice being mistaken, however, time may be given to make a case.

ALBANY,
Feb. 1825.

Shufelt
v.
Rowley.

allowed, by the statute, only when the verdict is for the defendant. If the defendants had intended to avail themselves of their set-off, they should have made a case, upon the mistake of the Judge, and obtained a new trial. But the set-off is not admissible against damages upon a bond for performance of covenants; it is confined to a bond for the payment of money.

*E. Williams*, in reply insisted that if a case were necessary, it lay with the plaintiff to make it. This was substantially a verdict for the defendants.

*Curia.* We cannot determine, in this form, whether the set-off was proper or not. It should have been brought before us as an enumerated motion, upon a case. The statute (1 R. L. 315) is plain, that the jury cannot certify a balance in favor of the defendant unless the verdict be for him. Here was a general verdict for the plaintiff, and a distinct certificate of a larger balance due to the defendants. This certificate is a mere nullity; and the plaintiff was regular in taking a judgment upon his verdict. But as there seems to have been a mistake of the practice, by the defendants' attorney, and there may be some question whether the set-off be not admissible, we stay the proceedings of the plaintiff, and give the defendants 30 days within which to make a case, and bring up the question, if they choose.

Rule accordingly.